ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
DEC 06 2016
JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Dennis-L: Mitchell,<br>Petitioner<br>v.<br><br>United States or America,<br>M. Jackson Revenue Agent<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>1:16-CV-4503 |

## PETITION TO QUASH SUMMONS

COMES NOW, Dennis-L: Mitchell, propria persona, and respectfully moves this Honorable Court to quash the Summons, issued to Monex Deposit Company, by the Internal Revenue Service, and relating to Dennis L. Mitchell, alleged Owner of Elite Taxes and Business Services copy of which is attached hereto marked Exhibit "A", made a part hereof by reference thereto, and for grounds shows:

1.

This court has jurisdiction in this action pursuant to the provisions of Title 26 U.S.C. Sections 7609(b)(2)(A), 7609(h), and Title 28 U.S.C. Sections 1331 and 1340, venue is proper in that the petitioner and respondents all reside or are found within the geographical jurisdiction of this court.

2.

Petitioner Dennis-L: Mitchell is a Citizen of the State of Georgia Republic with a legal residence in Atlanta, Georgia.

3.

Respondent Agent for the Department of Treasury, Internal Revenue Service (hereinafter "IRS"), is a privately owned Puerto Rican Trust assumed to be a federal government entity with agencies and offices throughout the United States, and more specifically with an Internal Revenue Service Office located at 1899 Powers Ferry Road SE, Suite 250 STOP 320D, Atlanta, Georgia from which this action has arisen. Respondents M. Jackson, Revenue Agent Employee ID#: 1000250962 is an are employee and agent of the IRS operating from the Office located at 1899 Powers Ferry Road SE, Suite 250 STOP 320D, Atlanta, Georgia, from which this action has arisen. (Internal Revenue) (see 31 USC § 1321).

4.

Respondent to the Summons is Monex Deposit Company. Monex Deposit Company is a Commercial Banking Corporation, and financial institution, with offices in a number of locations within and without Omaha. More particularly found at 4910 Birch Street, Newport Beach, CA 92660.

5.

On or about November 17, 2016, Revenue Agent M. Jackson issued a third party summons to Monex Deposit Company Bank, a copy of which was mailed to 4910 Birch Street, Newport Beach, CA 92660.

6.

The summons directed to respondent Monex Deposit Company requests the following documentation:

1. Private Banking information
2. Savings Accounts Records
3. Checking Account records

4. Loan Records
5. Safe Deposit box records
6. Certificate of Deposit, Money Market Certificates, and Retirement account

7.

It appears on the face of the Summons that the Summons is issued "In the matter of Dennis L. Mitchell Trustee of Dennis Louis Mitchell Trust, 305 Wilderlake Court Atlanta, GA 30328". The apparent purpose for the documentation sought in the summons is therefore not disclosed upon the face of the summons.

8.

The Internal Revenue Service must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose. The IRS has the burden of showing in an adversarial proceeding that its investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose. Good faith is not presumed where the summons power is used to harass or to pressure the individual.

9.

This petition is based on Petitioner's contention that:

(a) Revenue Agent M. Jackson is using the summons power to harass and pressure Mitchell, for reasons unknown to Mitchell at this time, and for purposes that are wholly illegitimate to the spirit and intent of the law, noting that no law or other authority was cited as the ostensible authority for issuance of the Summons.

(b) The IRS in general and Revenue Agent M. Jackson specifically are aware that there is no legal basis of any kind that would support the issuance of a summons as evidence by the complete absence of any citation to any legitimate basis for the issuance of summons on its face.

And, therefore the IRS knows the summoned data cannot be relevant to any legitimate purpose.

(c) The IRS already possesses all relevant information to determination of whether Petitioner may be liable under any internal revenue statute and the data summoned is incapable of adding any new information which could affect the determination of any potential liability. The data sought can only potentially provide names of Petitioner's customers and amounts of transactions which would have no relevance unless there is a legitimate purpose for the investigation to begin with. No legitimate purpose for the investigation is stated on the Summons or any other documents relative to this action. That said Summons was not properly served on the defendant. Therefore, the data Summoned is not relevant to any legitimate purpose.

WHEREFORE, Movant prays:

1. That this motion be allowed and ordered filed;
2. That this motion be inquired into by the Court and that said Subpoena be quashed; and
3. That an order issue relieving Movant from complying with said subpoena until Movant shall have the opportunity to be heard on this Motion.

This the 6th day of November, 2016.

Dennis L. Mitchell, propria persona
UCC 1-308 UCC 1-103 UCC 1-208

305 Wilderlake Court
Atlanta, GA 30328

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Dennis Mitchell, | ) | |
| Petitioner | ) | |
| v. | ) | Case No.: |
| | ) | |
| United States or America, | ) | |
| M. Jackson Revenue Agent | ) | |
| Respondent. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF MOTION TO QUASH INDICTMENT**

Petitioner, Dennis Mitchell (hereinafter "Petitioner"), submits this memorandum of law in support of his petition to quash summons issued by the respondents United States, et al.

As grounds for his petition to Quash Summons Petitioner contends that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by United States v. Powell, 379 U.S. 48 (1964). Petitioner further contends that the summons is nothing more than a "fishing expedition" completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is Petitioner's contention that the Internal Revenue Service cannot make any showing greater than an "idle hope" of finding something, as required by the decision in United States v. Richards, 631 F. 2d. 341, 345 (4th Cir., 1980). Lastly, it is Petitioner's contention that the summons has been issued in "bad faith" contrary to Powell, supra, and therefore shows as follows:

**FACTS**

Revenue Agent, M. Jackson (hereinafter "Jackson"), operating out of the Internal Revenue Service office at 1899 Powers Ferry Road SE, Suite 250 STOP 320D, Atlanta, Georgia,

issued an IRS third party summons to the Monex Deposit Company. The target of the summons was Dennis L. Mitchell. The summons stated; "In the matter of Dennis L. Mitchell. Owner of Elite Taxes and Serviced, 305 Wilderlake Court, Atlanta, GA 30328." The summons appears to have been issued November 17, 2016.

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued.

The summons issued by Jackson in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summons Jackson has not cited any authority to issue and enforce the summons in question.

The summons commands Monex Deposit Company to appear before M. Jackson, to give testimony and to bring:

1. Private Banking information
2. Savings Accounts Records
3. Checking Account records
4. Loan Records
5. Safe Deposit box records
6. Certificate of Deposit, Money Market Certificates, and Retirement account

## ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra the government must establish a prima facie case by "showing" that:

(1) that the summons was issued for a legitimate purpose.

(2) the summoned data may be relevant to that purpose.

(3) the data is not already in the government's possession; and

(4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent the summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1. The summons issued by Respondent Jackson in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued. It is clear on the face of the summons that Jackson has not cited any authority to issue and enforce the summons in question.

Internal Revenue Code § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "... "determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F. 2d 341, 345 (4th Cir., 1980); United States v. Harrington, 388 F. 2d 520, 524 (2d Cir., 1968).

The burden is upon the United States to show that the information sought is "relevant to proper purpose." United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F. 2d 564, 567 (5th Cir., 1985).

It is readily apparent from the face of the summons that Jackson claimed no "legitimate purpose" in issuing the summons. Therefore, Jackson has no "legitimate purpose," for the issuance of her summons.

Petitioner is unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing of monies in one's bank account amounts to a violation of any internal revenue law. Further, the IRS has failed and refused to identify any tax law which Petitioner is being investigated under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope." United States v. Richards, 631 F. 2d at 345.

Absent legal authority for issuance and legitimate purpose for enforcement of the summons, nothing in Mitchell's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. Thus, Petitioner contends that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Petitioner. It is unclear at this time what "bad faith" purpose Jackson is pursuing in issuance of this Summons. Thus, discovery and an evidentiary hearing will in all likelihood be required to determine the true purpose of this Summons [Powell, supra 379 U.S. at 58; United States v. McCarthy, 514 F. 2d. 368 (3rd Cir., 1975].

Lastly, the administrative steps required by the Internal Revenue Code for issuance and service of the summons have not been followed (Powell, supra 379 U.S. at 57-58).

Wherefore, Petitioner requests that the summons be quashed.

This the 6th day of November, 2016.

305Wilderlake Court
Atlanta, GA 30328

Dennis-L: Mitchell. propria persona
UCC 1-308 UCC 1-301 UCC 1-208

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Dennis Mitchell, )
Petitioner )
v. ) Case No.:
)
United States or America, )
M. Jackson Revenue Agent )
Respondent. )

---

**Certificate of Service**

---

I HEREBY CERTIFY that service of the foregoing: PETITION TO QUASH SUMMONS, and MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH SUMMONS; has been made by mailing, postage prepaid, a true and correct copy thereof to:

M. Jackson
Revenue Agent Employee ID#: 1000250962
INTERNAL REVENUE SERVICE
1899 Powers Ferry Road SE, Suite 250 STOP 320D,
Atlanta, Georgia 30339

This the 6th day of November, 2016.

Dennis L. Mitchell, propria persona
UCC 1-308 UCC-103 UCC 1-208

305 Wilderlake Court
Atlanta, GA 30328

# Summons

In the matter of DENNIS L MITCHELL, TRUSTEE OF DENNIS LOUIS MITCHELL TRUST, 305 WILDERLAKE COURT ATLANTA, GA 30328

Internal Revenue Service (Division): Small Business / Self Employed

Industry/Area (name or number): Small Business / Self Employed

Periods: for calendar years ending December 31, 2007; December 31, 2008; December 31, 2012; December 31, 2014 and for calendar quarters ending September 30, 2007; December 31, 2007; December 31, 2008

## The Commissioner of Internal Revenue

To: MONEX DEPOSIT COMPANY

At: 4910 BIRCH STREET NEWPORT BEACH, CA 92660

You are hereby summoned and required to appear before M. JACKSON, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHED.

Documents can be mailed in lieu of personal appearance. Please provide records via disk, in lieu of paper copies.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

1899 POWERS FERRY RD SE, SUITE 250, STOP 320D, ATLANTA, GA 30339- - (678)627-4623

**Place and time for appearance at:** 1899 POWERS FERRY RD SE, SUITE 250, STOP 320D, ATLANTA, GA 30339-

**on the** ~~12th~~ 19th **day of** December , 2016 **at** 09:00 **o'clock** A **m.**

**Issued under authority of the Internal Revenue Code this** 8th **day of** November , 2016

IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039(Rev. 10-2010)
Catalog Number 21405J

M. JACKSON [redacted] Digitally signed by M Jackson Date: 2016.11.08 16:51:09 -05'00'

Signature of Issuing Officer

REVENUE OFFICER

Title

Signature of Approving Officer *(if applicable)*

GROUP MANAGER

Title

**Part C -- to be given to noticee**

To: Dennis Louis Mitchell Trust Date: November 17, 2016

Address: 4879 Lavista Road Ste 403C Tucker GA 30084

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitations under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitations

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suite concerning the enforcement of this summons), your periods of limitations for assessment of tax liabilities or for criminal prosecutions will be suspended pursuant to I.R.C section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitations may also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.

IRS

Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev.10-2010)
Catalog Number 21405J

**Part D – to be given to noticee**

ATTACHMENT TO SUMMONS

Issued to: MONEX DEPOSIT COMPANY
In the matter of: DENNIS L MITCHELL AS TRUSTTEE OF DENNIS LOUIS MITCHELL TRUST
Address: 305 WILDERLAKE COURT ATLANTA, GA 30328
Periods: for calendar years ending December 31, 2007; December 31, 2008; December 31, 2012; December 31, 2014 and for calendar quarters ending September 30, 2007; December 31, 2007; December 31, 2008

Please furnish all books, papers, records, or other data of **DENNIS L MITCHELL (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) and/or DENNIS LOUIS MITCHELL TRUST (46-2287532)**, for accounts (open or closed) whether held jointly or severally, as a trustee or fiduciary, or as a custodian, executor, guardian, or nominee from **JANUARY 1, 2015 thru OCTOBER 31, 2016** including but not limited to:

1. Records of security transactions including all types of accounts, agreements, contracts, applications for account, signature cards. Records relating to treasury notes or certificates of deposit purchased, cash accounts, ready asset accounts, mutual fund accounts, commodity accounts, margin accounts, or other accounts. Such records include cash receipts, confirmation slips, securities delivered receipts, statements of account, notifications of purchase or sale, representative's stock record, account executive worksheets, correspondence, ledger sheets, cash in slips, buy and sell slips, or other records of these transactions.

2. Records showing the dates, amounts, and purpose of all payments, including records showing a description of the securities transacted, quantity bought or sold, date of transactions, purchase or sales price, and commissions paid.

3. Records of the disposition of the proceeds from each sale, including checks (front and back) issued to the above named individual(s) as a result of these sales.

4. Records of cash and stock dividends and interest paid including checks (front and back) issued and *Interest Income* (Form 1099-INT).

5. Records of any other payments to the above named individual(s) that show the date, amount, and purpose of the payment, including the checks (front and back) for such payments.

6. Records maintained of transactions for or communications with the above-named individual(s), including all notes, memoranda (informal or formal), correspondence, financial statements, background or credit investigations, and records identifying the stock transfer agent and dividend disbursing agent.

Personal appearance is not necessary if the required records are received by mail by the date specified in the summons. In addition to the record layout described below, a cover letter is required to identify the taxpayer case, the summoned witness, whether the response is incomplete, and if certain requested records do not exist.

RECORD FORMAT: Records are requested in the form of compact disk (CD), digital versatile disc (DVD), or hard drive, whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file. The record layout should be placed in the same order as the information listed above. **INCLUDE THE PASSWORD FOR ENCRYPTED FILES VIA SEPARATE LETTER TO THE ADDRESS ON THE SUMMONS.**